UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY FERNANDEZ, an individual and surviving heir to the estate of his deceased mother, RAMONA M. FERNANDEZ;<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TIMOTHY PETERS M.D.; SHASTA COMMUNITY HEALTH CENTERS, an agency of the United States of America; and DOES 1-10, inclusive;<br><br>　　　　　Defendants. | Case No. 2:12-CV-00032 JAM-CKD<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on a Motion to Dismiss (Doc. #5) brought by Defendant Timothy Peters, M.D. ("Dr. Peters"). Plaintiff Jerry Fernandez ("Fernandez") opposes the motion.[1]

### I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is the surviving son of Ramona M. Fernandez ("Decedent" or "Ms. Fernandez"). On May 26, 2010, Ms. Fernandez

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 16, 2012.

1

was seen at Shasta Community Health Centers, Inc. ("SCHC"), a federally funded health clinic. Dr. Peters examined Ms. Fernandez. On June 7, 2010, when Ms. Fernandez's family members picked up her prescriptions, they were informed by the pharmacist that Dr. Peters had prescribed methotrexate. The next day, Ms. Fernandez began taking this prescription medication.

On July 7, 2010, Ms. Fernandez had her blood analyzed after taking methotrexate every day for one month. The next day she was told to go to the emergency room because her white blood count was low. Shortly after entering the hospital, Dr. Peters allegedly called Ms. Fernandez's daughter-in-law and explained that he had not prescribed the methotrexate and that a nurse at SCHC had accidentally entered the wrong prescription for Ms. Fernandez. Ms. Fernandez died on July 23, 2010.

Plaintiff filed his Complaint (Doc. #1) on January 5, 2012 under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against Dr. Peters, SCHC, and Does 1-10 (collectively, "Defendants"). Plaintiff alleges that Defendants breached their duty to provide competent care to the Decedent; breached their duty to assure the competence of the staff nurses; failed to exercise ordinary care under the doctrine of corporate medical liability; and breached their duty of selecting, reviewing, and periodically evaluating the competency of their staff. Plaintiff alleges he suffered injuries and damages based upon the wrongful death of his mother; loss of love, support, companionship, care, services, and society; hospital, medical and incidental expenses; mental anguish; and cremation, funeral, and burial expenses. Plaintiff prays for general and non-economic damages; hospital, medical and incidental

2

expenses incurred; damages for wrongful death; prejudgment interest; costs of suit; and other relief the Court deems proper. Dr. Peters filed the instant Motion to Dismiss (Doc. #5). Defendant United States of America filed an Answer (Doc. #8).

## II.  OPINION
### A.  Legal Standard for Motion to Dismiss
#### 1.  12(b)(1)

Dismissal is appropriate under Rule 12(b)(1) when the District Court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).

When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff has the burden of establishing subject matter jurisdiction. See Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095, 1102, n.1 (9th Cir. 2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.").

#### 2.  12(b)(6)

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2.   <u>Claims for Relief</u>

Dr. Peters argues that there is no basis under the FTCA for a claim against him as an individual, whether he is deemed an employee of the government or an independent contractor. Thus, no matter what Dr. Peters' employment status, Plaintiff's attempt to plead a claim against him under the FTCA fails for want of subject matter jurisdiction.  Dr. Peters also argues that dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is proper because Plaintiff fails to state a claim on which relief can be granted against him, i.e., there is no viable FTCA claim that can be pled against Dr. Peters, no matter what his employment status.

Plaintiff does not squarely address Dr. Peters' arguments. Plaintiff avers that it is proper to sue the federal government whether or not Dr. Peters is an employee or an independent

4

1 | contractor working for the federal government.  Plaintiff also
2 | argues that Dr. Peters is a person who should be joined under
3 | Federal Rule of Civil Procedure 19 because his name was on the
4 | prescription, so he is a proper party to any decision.
5 |       The Court finds that Dr. Peters, as either a federal employee
6 | or as an independent contractor, is immune from suit.  See 28
7 | U.S.C. § 2679(b) (immunity from suit for wrongful death arising or
8 | resulting from the negligent or wrongful act or omission of any
9 | employee of the Government while acting within the scope of his
10 | office or employment); 28 U.S.C. § 2671 (claims against independent
11 | contractors do not fall within the scope of the FTCA).  Plaintiff
12 | has not alleged any constitutional violations or the violation of
13 | any statute authorizing action against an individual government
14 | employee that would provide jurisdiction over Dr. Peters.  See 28
15 | U.S.C. § 2679(b)(2) (immunity for federal employees does not apply
16 | for a violation of the Constitution or for a violation of  statute
17 | of the United States under which such action against an individual
18 | is otherwise authorized).  Accordingly, the Court finds that Dr.
19 | Peters is immune from suit under the FTCA and GRANTS Dr. Peters'
20 | Motion to Dismiss.
21 |       In response to Plaintiff's joinder argument, the Court notes
22 | that it is misplaced.  This is not an issue of joinder because Dr.
23 | Peters has been included in the lawsuit and the Court is dismissing
24 | him for lack of jurisdiction and failure to state a claim against
25 | him.  As discussed, supra, there is no legal basis to keep him in
26 | this lawsuit.
27
28

## III. ORDER

For the reasons set forth above,

Dr. Peter's Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 31, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE