1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  JERRY FERNANDEZ, an individual  )  Case No. 2:12-CV-00032 JAM-CKD
    and surviving heir to the estate )
12  of his deceased mother, RAMONA   )
    M. FERNANDEZ;                    )
13                                   )
                     Plaintiffs,     )  ORDER GRANTING DEFENDANT'S
14                                   )  MOTION TO DISMISS
         v.                          )
15                                   )
    TIMOTHY PETERS M.D.; SHASTA      )
16  COMMUNITY HEALTH CENTERS, an     )
    agency of the United States of   )
17  America; and DOES 1-10,          )
    inclusive;                       )
18                                   )
                     Defendants.     )
19

20       This matter comes before the Court on a Motion to Dismiss

21  (Doc. #5) brought by Defendant Timothy Peters, M.D. ("Dr. Peters").

22  Plaintiff Jerry Fernandez ("Fernandez") opposes the motion.[1]

23

24        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

25       Plaintiff is the surviving son of Ramona M. Fernandez

26  ("Decedent" or "Ms. Fernandez").  On May 26, 2010, Ms. Fernandez

27  _____

28  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
    for May 16, 2012.

                                    1

1  was seen at Shasta Community Health Centers, Inc. ("SCHC"), a

2  federally funded health clinic.  Dr. Peters examined Ms. Fernandez.

3  On June 7, 2010, when Ms. Fernandez's family members picked up her

4  prescriptions, they were informed by the pharmacist that Dr. Peters

5  had prescribed methotrexate.  The next day, Ms. Fernandez began

6  taking this prescription medication.

7      On July 7, 2010, Ms. Fernandez had her blood analyzed after

8  taking methotrexate every day for one month.  The next day she was

9  told to go to the emergency room because her white blood count was

10 low. Shortly after entering the hospital, Dr. Peters allegedly

11 called Ms. Fernandez's daughter-in-law and explained that he had

12 not prescribed the methotrexate and that a nurse at SCHC had

13 accidentally entered the wrong prescription for Ms. Fernandez.  Ms.

14 Fernandez died on July 23, 2010.

15     Plaintiff filed his Complaint (Doc. #1) on January 5, 2012

16 under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b),

17 against Dr. Peters, SCHC, and Does 1-10 (collectively,

18 "Defendants").  Plaintiff alleges that Defendants breached their

19 duty to provide competent care to the Decedent; breached their duty

20 to assure the competence of the staff nurses; failed to exercise

21 ordinary care under the doctrine of corporate medical liability;

22 and breached their duty of selecting, reviewing, and periodically

23 evaluating the competency of their staff.  Plaintiff alleges he

24 suffered injuries and damages based upon the wrongful death of his

25 mother; loss of love, support, companionship, care, services, and

26 society; hospital, medical and incidental expenses; mental anguish;

27 and cremation, funeral, and burial expenses.  Plaintiff prays for

28 general and non-economic damages; hospital, medical and incidental

1  expenses incurred; damages for wrongful death; prejudgment

2  interest; costs of suit; and other relief the Court deems proper.

3  Dr. Peters filed the instant Motion to Dismiss (Doc. #5).

4  Defendant United States of America filed an Answer (Doc. #8).

5

6                          II.   OPINION

7      A.    Legal Standard for Motion to Dismiss

8            1.    12(b)(1)

9      Dismissal is appropriate under Rule 12(b)(1) when the District

10  Court lacks subject matter jurisdiction over the claim. Fed. R.

11  Civ. P. 12(b)(1).

12      When a defendant brings a motion to dismiss for lack of

13  subject matter jurisdiction pursuant to Rule 12(b)(1), the

14  plaintiff has the burden of establishing subject matter

15  jurisdiction.  See Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095,

16  1102, n.1 (9th Cir. 2007) ("Once challenged, the party asserting

17  subject matter jurisdiction has the burden of proving its

18  existence.").

19            2.    12(b)(6)

20      A party may move to dismiss an action for failure to state a

21  claim upon which relief can be granted pursuant to Federal Rule of

22  Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

23  court must accept the allegations in the complaint as true and draw

24  all reasonable inferences in favor of the plaintiff.  Scheuer v.

25  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

26  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

27  322 (1972).  Assertions that are mere "legal conclusions," however,

28  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

1  556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>,

2  550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a

3  plaintiff needs to plead "enough facts to state a claim to relief

4  that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.

5  Dismissal is appropriate where the plaintiff fails to state a claim

6  supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica</u>

7  <u>Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

8       Upon granting a motion to dismiss for failure to state a

9  claim, the court has discretion to allow leave to amend the

10 complaint pursuant to Federal Rule of Civil Procedure 15(a).

11 "Dismissal with prejudice and without leave to amend is not

12 appropriate unless it is clear . . . that the complaint could not

13 be saved by amendment."  <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>,

14 316 F.3d 1048, 1052 (9th Cir. 2003).

15            2.   <u>Claims for Relief</u>

16      Dr. Peters argues that there is no basis under the FTCA for a

17 claim against him as an individual, whether he is deemed an

18 employee of the government or an independent contractor. Thus, no

19 matter what Dr. Peters' employment status, Plaintiff's attempt to

20 plead a claim against him under the FTCA fails for want of subject

21 matter jurisdiction.  Dr. Peters also argues that dismissal with

22 prejudice under Federal Rule of Civil Procedure 12(b)(6) is proper

23 because Plaintiff fails to state a claim on which relief can be

24 granted against him, i.e., there is no viable FTCA claim that can

25 be pled against Dr. Peters, no matter what his employment status.

26      Plaintiff does not squarely address Dr. Peters' arguments.

27 Plaintiff avers that it is proper to sue the federal government

28 whether or not Dr. Peters is an employee or an independent

1  contractor working for the federal government.  Plaintiff also

2  argues that Dr. Peters is a person who should be joined under

3  Federal Rule of Civil Procedure 19 because his name was on the

4  prescription, so he is a proper party to any decision.

5       The Court finds that Dr. Peters, as either a federal employee

6  or as an independent contractor, is immune from suit.  See 28

7  U.S.C. § 2679(b) (immunity from suit for wrongful death arising or

8  resulting from the negligent or wrongful act or omission of any

9  employee of the Government while acting within the scope of his

10  office or employment); 28 U.S.C. § 2671 (claims against independent

11  contractors do not fall within the scope of the FTCA).  Plaintiff

12  has not alleged any constitutional violations or the violation of

13  any statute authorizing action against an individual government

14  employee that would provide jurisdiction over Dr. Peters.  See 28

15  U.S.C. § 2679(b)(2) (immunity for federal employees does not apply

16  for a violation of the Constitution or for a violation of  statute

17  of the United States under which such action against an individual

18  is otherwise authorized).  Accordingly, the Court finds that Dr.

19  Peters is immune from suit under the FTCA and GRANTS Dr. Peters'

20  Motion to Dismiss.

21       In response to Plaintiff's joinder argument, the Court notes

22  that it is misplaced.  This is not an issue of joinder because Dr.

23  Peters has been included in the lawsuit and the Court is dismissing

24  him for lack of jurisdiction and failure to state a claim against

25  him.  As discussed, supra, there is no legal basis to keep him in

26  this lawsuit.

27

28

1                            III. ORDER

2        For the reasons set forth above,

3        Dr. Peter's Motion to Dismiss is GRANTED WITH PREJUDICE.

4        IT IS SO ORDERED.

5   Dated:  May 31, 2012

6                              JOHN A. MENDEZ,
                               UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28